NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO S.P.

No. 1 CA-JV 23-0225
FILED 5-14-2024

---

Appeal from the Superior Court in Maricopa County
No. JD534286
The Honorable Marvin L. Davis, Judge

**AFFIRMED**

---

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Jennifer R. Blum
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Michael S. Catlett and Judge James B. Morse Jr. joined.

---

**P A T O N,** Judge:

**¶1**　　　　Savannah P. ("Mother") appeals the superior court's order terminating her parental rights to S.P.  We affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　We view the facts in the light most favorable to upholding the superior court's ruling.  *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 250, ¶ 20 (2000).  Mother and her husband, Dustin P.'s ("Father"), child, S.P., was born in 2020.  Father is not a party to this appeal.[1]

**¶3**　　　　In September 2021, S.P.'s maternal grandmother ("Grandmother") filed a dependency petition seeking temporary custody of S.P., alleging that Mother and Father could no longer care for her due to their substance abuse issues.  That same month, the superior court gave the Department of Child Safety ("DCS") temporary custody of S.P., and DCS placed S.P. with Grandmother.

**¶4**　　　　In October 2021, DCS submitted a substituted dependency petition and, at a hearing, both DCS and Mother orally moved to dismiss Grandmother's petition and remove her as a party.  The superior court granted the motion and noted that Grandmother still had a right to participate in the proceedings because she was S.P.'s placement.

**¶5**　　　　DCS alleged that both Mother and Father "neglected [S.P.] and [are] unwilling or unable to provide proper and effective parental care and control."  DCS alleged Mother had a history of substance abuse, failed to take drug tests, lacked stable housing, and would leave S.P. in Father's sole care when he was under the influence of drugs.  Mother and Father pled no contest to DCS's petition and the superior court found S.P. dependent in December 2021.

**¶6**　　　　In March 2023, DCS moved to terminate Mother's parental rights to S.P., alleging substance abuse and fifteen months' out-of-home placement grounds.  After a contested termination hearing, the superior

---

[1] Father's parental rights to S.P. were terminated the same time as Mother's and he timely appealed.  Pursuant to Rule 607(e)(1)(B), Ariz. R.P. Juv. Ct., Father's appointed counsel filed a notice in lieu of opening brief, avowing that he reviewed the entire record on appeal and found no non-frivolous issue to raise.  Father's deadline to file an opening brief expired on February 14, 2024, and he did not request an extension or otherwise indicate any intention to file a brief.  This court dismissed Father from this appeal on February 20, 2024.

court granted DCS's motion as to both grounds. The court did not find Mother's testimony regarding her sobriety and substance abuse treatment to be credible and noted it appeared she was "nodding off" during the termination hearing.

¶7 Mother timely appealed the termination order. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Sections 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

¶8 On appeal, Mother argues: (1) DCS failed to provide reasonable and diligent reunification services; (2) insufficient evidence supported the substance abuse and out-of-home placement grounds for termination; and (3) termination was not in S.P.'s best interests.

¶9 In order to grant a motion to terminate parental rights, the superior court must find (1) by clear and convincing evidence that at least one statutory ground for termination exists and (2) by a preponderance of the evidence that termination is in the children's best interests. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018); *see also* A.R.S. § 8-533(B) (listing grounds for termination). As the trier of fact, the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). Accordingly, we affirm the superior court's factual findings if supported by reasonable evidence. *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 93–94, ¶ 4 (App. 2009).

## I. The record supports the superior court's finding that DCS provided reasonable reunification services to Mother.

¶10 Termination based on the substance abuse ground requires a finding that DCS made reasonable efforts to reunify the family. *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005). DCS must provide the time and opportunity for parents to participate in programs directed toward reunification but need not provide every conceivable service. *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192, ¶ 37 (App. 1999) (citation omitted). Nor must DCS ensure parent participation in provided services, *see Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994), or leave the remediation window open indefinitely, *see Maricopa Cnty. Juv. Action No. JS-501568*, 177 Ariz. 571, 577 (App. 1994).

**¶11** Mother contends DCS failed to provide reasonable reunification services. The record shows that DCS provided Mother with numerous reunification services—including drug testing, substance abuse treatment, parenting classes, transportation, visitation, and a psychological evaluation. Mother consistently participated in some services—including successfully completing Family Connections and the Nurturing Parent Program—but did not successfully complete services to address her substance abuse issues.

**¶12** DCS provided several services aimed at addressing Mother's substance abuse issues and improving her ability to care for S.P., but her participation was minimal. Mother only completed six out of over 150 drug tests, all of which were positive for various combinations of opiates, methamphetamine, amphetamine, heroin, methadone, and fentanyl. DCS referred her to Terros twice, and although she completed an intake and participated in "a couple of group sessions[,]" Terros terminated the service—once in February 2022 and again in June 2023—due to Mother's lack of participation. Mother also failed to complete a psychological evaluation even though the provider attempted to contact her multiple times and agreed to conduct the evaluation without requiring Mother to have 30 days of proven sobriety. And she did not complete a psychiatric evaluation that she scheduled on her own because she forgot about it. On one occasion, Mother fell asleep during a supervised visit with S.P. Mother's clinician discontinued trauma therapy because Mother failed to participate.

**¶13** Mother argues that she needed more time to complete services and DCS's failure to provide additional time means DCS did not provide reasonable or diligent reunification services. We disagree. Although DCS must provide time and opportunity for the parent to participate in services that will improve their ability to care for the child, *see Mary Ellen C.*, 193 Ariz. at 192, ¶ 37, Mother had 26 months to participate in services but only minimally engaged—particularly in services to assist with her substance abuse issues. As previously discussed, she only completed six tests during this time—all of which were positive for various drugs— and her last drug test was on January 11, 2023, which was also positive. DCS was not required to give Mother an indeterminate amount of time to resolve her substance abuse issues. *See Michelle M. v. Dep't of Child Safety*, 243 Ariz. 64, 67, ¶ 8 (App. 2017). Accordingly, we conclude that the evidence in the record supported the superior court's findings that DCS provided reasonable reunification services to Mother. *See Denise R.*, 221 Ariz. at 93–94, ¶ 4.

## II.     Sufficient evidence supports the superior court's finding of chronic substance abuse under Section 8-533(B)(3).

¶14      Mother also contends that insufficient evidence supported the superior court's findings of substance abuse and fifteen months' out-of-home placement grounds. In order to terminate parental rights on the chronic substance abuse ground, the superior court must find that a parent is (1) "unable to discharge parental responsibilities because of . . ." (2) "a history of chronic abuse of dangerous drugs, controlled substances or alcohol," and (3) "there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." A.R.S. § 8-533(B)(3). "Chronic substance abuse" is not statutorily defined. *See Raymond F. v. Ariz. Dep't Econ. Sec.*, 224 Ariz. 373, 377, ¶ 16 (App. 2010). But "drug abuse need not be constant to be considered chronic" and may be "a condition that has existed or continued for a long time." *Id.* A temporary abstinence from drugs and alcohol does not necessarily outweigh a significant history of abuse or a consistent inability to abstain during a termination case. *See id.* at 379, ¶ 29. And the superior court evaluates the circumstances at the time of the termination hearing. *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 12 (App. 2016).

¶15      Mother reported first using heroin in 2013 when she was 19 years old and methamphetamine when she was 21 years old. In July 2021, when S.P. was about ten months old, Mother began using methamphetamine twice a day. Mother's drug use continued throughout the dependency and termination proceedings; she reported using cocaine in August 2022, tested positive for methamphetamine, amphetamine, methadone, and fentanyl on January 11, 2023, and entered "detox" just a few months before the termination hearing. Even if she has undisclosed negative drug tests, as she contends, the record supports the superior court's finding that Mother's substance abuse interferes with her ability to parent and will continue to do so. *See Jennifer S. v. Ariz. Dep't of Child Safety*, 240 Ariz. 282, 287–88, ¶¶ 17–18, 21, 25 (App. 2016) (citing long history of substance abuse, drug use "during the dependency," and "refus[al] to take most of her required drug tests" in affirming termination on chronic substance abuse ground). And Mother's unwillingness and inability to demonstrate sobriety when her parental relationship with S.P. was at stake provided reasonable grounds for the superior court to believe her substance abuse would continue. *See Raymond F.*, 224 Ariz. at 379, ¶ 29. We conclude sufficient evidence supported termination of Mother's parental rights based on the chronic substance abuse ground.

### III. Sufficient evidence supports the superior court's finding that termination was in S.P.'s best interests.

¶16 Mother contends the superior court erred in finding termination was in S.P.'s best interests because DCS failed to prove that S.P. would benefit from adoption and the court ignored the "strong bond" Mother and S.P. have. Once the superior court finds the existence of a statutory ground for termination by clear and convincing evidence, it can "presume that the interests of the parent and child diverge," *Kent K. v. Bobby M.*, 210 Ariz. 279, 286, ¶ 35 (2005), and shift its focus "to the interests of the child as distinct from those of the parent," *id.* at 285, ¶ 31. Termination is in the child's best interests if it will benefit the child or if continuing the parent-child relationship will harm the child. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 16 (2016). "[C]ourts should consider a parent's rehabilitation efforts as part of the best-interests analysis" but not "subordinate the interests of the child to those of the parent once a determination of [parental] unfitness has been made." *Alma S.*, 245 Ariz. at 151, ¶ 15. "The child's interest in stability and security must be the court's primary concern." *Id.* at 150, ¶ 12 (citation omitted).

¶17 The best interests requirement may be met if the petitioner proves that a current adoptive plan exists for a child or even that a child is adoptable. *See Demetrius L.*, 239 Ariz. at 3–4, ¶¶ 12, 16. S.P. is in an adoptive placement and Grandmother is willing to adopt her. The superior court found Grandmother was meeting S.P.'s needs and adoption would provide stability and permanency, which is supported by the testimony. The court found that continuing the parent-child relationship would be detrimental to S.P. because of Mother's unresolved substance abuse issues. The court ultimately concluded that S.P. would benefit from termination and that continuing the parent-child relationship would harm S.P. On this record, the court did not abuse its discretion. Because only one statutory ground is required to support a termination, we decline to address Mother's arguments regarding the out-of-home placement ground. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578, ¶ 5 (App. 2017).

### CONCLUSION

¶18 We affirm.

